JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. ALEMAN,<br><br>            Plaintiff,<br><br>     v.<br><br>AIRGAS USA, LLC, *et al.*,<br><br>            Defendants. | Case No. 2:23-cv-06863-FLA (JPRx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, AND DISCHARGING ORDER TO SHOW CAUSE [DKTS. 10, 11, 19]** |

**ORDER**

Before the court is Plaintiff David B. Aleman's Motion to Remand to the Los Angeles County Superior Court ("Motion"). Dkt. 10 ("Mot."). Defendant Airgas USA, LLC ("Defendant" or "Airgas") opposes the Motion. Dkt. 12 ("Opp'n"). Defendants Eddy Lao and Jose Corranza (together, "Supervisor Defendants") did not respond to the Motion. On October 24, 2023, the court found the Motion appropriate for resolution without oral argument and vacated the hearing set for October 27, 2023. Dkt. 27; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS the Motion and REMANDS this action to the Los Angeles County Superior Court.

**BACKGROUND**

This action arises from the purported discriminatory treatment and hostile work environment Plaintiff was subjected to during his employment as a plant operator for Airgas, a distributor of gases, welding products, safety products, tools, and hardware for various industries. *See* Mot. at 1.

On June 20, 2023, Plaintiff filed a complaint in the Los Angeles County Superior Court against Airgas and the Supervisor Defendants, asserting eleven state law causes of action for: (1) failure to provide meal breaks; (2) failure to provide rest breaks; (3) failure to pay wages; (4) failure to pay overtime; (5) failure to provide accurate itemized wage statements; (6) violations of Cal. Bus. & Prof. Code §§ 17200–208; (7) race discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (8) retaliation in violation of FEHA; (9) failure to prevent discrimination and retaliation in violation of FEHA; (10) hostile work environment in violation of FEHA; and (11) wrongful termination in violation of public policy. Dkt. 1-1 ("Compl."). However, only the tenth cause of action for hostile work environment is asserted against the Supervisor Defendants. *See id.*

On August 21, 2023, Airgas removed this action to this court based on diversity jurisdiction. Dkt. 1 ("NOR") ¶ 7; *see* 28 U.S.C. § 1332(a)(1). In the instant Motion,

Plaintiff contends complete diversity does not exist because Plaintiff and the Supervisor Defendants are California citizens. Mot. at 9. Defendant, in opposition, argues the Supervisor Defendants are "sham defendants" who were named solely to defeat subject matter jurisdiction. Opp'n at 7 ("The Supervisor Defendants are both citizens of California, but their citizenship should be disregarded because they are sham defendants.") (citation omitted).

## DISCUSSION

**I.   Legal Standard**

  **A.   Diversity Jurisdiction**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted); *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

A challenge to subject matter jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). Therefore, the court is not restricted to the face of the pleadings and may review evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

Federal courts have jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires "complete diversity, meaning that each plaintiff must be of a different

citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted).

### B. Fraudulent Joinder

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citation omitted).

"There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[1] *Id.* (internal quotation marks and citations omitted). "Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory." *Id.* (cleaned up). "But if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (cleaned up) (emphasis in original).

"A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a general presumption against finding fraudulent joinder." *Id.* (cleaned up); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").

### C. Hostile Work Environment Under FEHA

Under FEHA, an employee who harasses another employee may be held personally liable. *Lewis v. City of Benicia*, 224 Cal. App. 4th 1519, 1524 (2014) (citation omitted); *see also* Judicial Council of California Civil Jury Instructions 2522A. To establish a *prima facie* case of a hostile work environment against a fellow

---

[1] Here, Airgas seeks to establish fraudulent joinder in the second way (*i.e.*, Airgas argues Plaintiff cannot establish a cause of action against the Supervisor Defendants in California state court). *See* Opp'n at 7–13.

employee, a plaintiff must show: (1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his protected status; (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment; and (5) the defendant is liable for the harassment. *See Ortiz v. Dameron Hosp. Assn.*, 37 Cal. App. 5th 568, 581 (2019).

To show "unreasonable interference,"

> the plaintiff need not prove that his or her tangible productivity has declined as a result of the harassment. It suffices to prove that a reasonable person subjected to the discriminatory conduct would find, as the plaintiff did, that the harassment so altered working conditions as to make it more difficult to do the job.

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 25 (1993) (Ginsburg, J., concurring) (cleaned up); Cal. Gov't Code § 12923(a) (approving standard set forth by Justice Ginsburg in *Harris*).

Additionally, "to be actionable, the harassment must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Villalobos v. Costco Wholesale Corp.*, Case No. 2:23-cv-00622-DJC (JDPx), 2023 WL 5108499, at *4 (E.D. Cal. Aug. 9, 2023) (citations and internal quotation marks omitted). "There is no recovery for harassment that is occasional, isolated, sporadic, or trivial; rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Id.* (citation and internal quotations marks omitted). "The sporadic use of abusive language, gender-related jokes, and occasional teasing are not actionable harassment." *Id.* (cleaned up). While a few isolated incidents can support a FEHA harassment claim, they must be "severe in the extreme." *Hughes v. Pair*, 46 Cal. 4th 1035, 1043 (2009) (a single harassing incident involving physical violence, or a threat thereof, may qualify as severe in the extreme).

1       Last, harassment does not include conduct that is "necessary for management of the employer's business or performance of the supervisory employee's job." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63 (1996). "[C]ommonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment." *Id.* at 64–65. "Instead, harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Id.* at 63.

## II. Analysis

      Airgas is the party asserting subject matter jurisdiction and, thus, bears the "heavy burden" of establishing that the Supervisor Defendants are sham defendants. *See Kokkonen*, 511 U.S. at 377; *Grancare*, 889 F.3d at 548. Airgas argues Plaintiff cannot state a claim for hostile work environment under FEHA against the Supervisor Defendants because Plaintiff fails to allege facts that are "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." Mot. at 8 (cleaned up).

      Plaintiff alleges the Supervisor Defendants "subjected him to a hostile work environment based on his race." Mot. at 2. In particular, Plaintiff alleges the Supervisor Defendants:

- "were constantly trying to find ways to terminate Plaintiff" (*id.* at 3);

- "threaten[ed] him with termination for inconsequential things," *e.g.*, when Plaintiff did not submit proof of vaccination, the Supervisor Defendants told Plaintiff to do so or he would be terminated (*id.* at 3–4);

6

- "accus[ed] him of things that he did not do, and subject[ed] him to unjustified and arbitrary criticism and unfair disciplinary action" (*id.* at 3);

- "treat[ed] other employees more favorably than Plaintiff," *e.g.*, "certain employees were allowed to take weekends off," but not Plaintiff (*id.* at 4);

- "failed to make any attempts to restart [a] plant or address Plaintiff's concerns or injuries" after Plaintiff emailed them that his plant had shut down and he suffered injuries from ammonia gas (*id.* at 5–6);

- "insinuat[ed] that Plaintiff had something to do with the plant shutting down" (*id.* at 6);

- refused to address Plaintiff's complaints that he "suffered injuries to his eyes, ears, shoulder, knees, back, and nose" (*id.*);

- refused to address Plaintiff's complaints about "various ammonia and carbon dioxide leaks" (*id.*);

- "stopped communicating with Plaintiff and started relaying instructions to him via [a mechanic]" (*id.*);

- ignored Plaintiff's texts and calls (*id.*);

- "accused Plaintiff of purposefully not using the lift machine (which was used to cut [] ice)" (*id.* at 6–7);

- instructed Plaintiff to load a trailer despite knowing "the trailer floor was broken and thus unsafe to load" (*id.* at 7); and

- wrote and placed a note "on the supervisor's desk in the warehouse, which every employee visits throughout the day and can see, blaming Plaintiff" for loading an incorrect order despite the fact that it was dispatch who "accidentally gave the driver the wrong order number" (*id.*).

A number of the foregoing allegations involve "personnel management actions," and, thus, Plaintiff cannot rely on them to state a claim for harassment. *See Janken*, 46 Cal. App. 4th at 63–64. For example, the Supervisor Defendants' threats to terminate Plaintiff for not submitting proof of vaccination, disciplining Plaintiff for

not using the lift machine, refusing to grant Plaintiff time off, and not providing support in response to Plaintiff's requests, such as when his plant shut down, are non-actionable "personnel management actions." *See id.*

On the other hand, several allegations involve conduct "outside the scope of necessary job performance," which Plaintiff may rely on to state a claim for harassment. These include scheming to get Plaintiff fired, ignoring Plaintiff's calls and texts, communicating with Plaintiff only through a mechanic, shaming Plaintiff in front of his coworkers, and ignoring Plaintiff's safety concerns and instructing him to perform unsafe work. *See id.*

Accordingly, the question is whether "there is a *possibility*," *see Grancare*, 889 F.3d at 548 (emphasis in original), that the properly considered allegations against the Supervisor Defendants "suffice[] to prove that a reasonable person subjected to the alleged discriminatory conduct would find [] that the harassment so altered working conditions as to make it more difficult to do the job," *Harris*, 510 U.S. at 25.

A reasonable person in Plaintiff's position could possibly find Plaintiff's job was more difficult to perform because his supervisors ignored him and communicated with him only through an intermediary. This alleged conduct appears to be a "concerted pattern of harassment" rather than an "occasional" or "isolated" occurrence. *See Villalobos*, 2023 WL 5108499, at *4. Airgas has not met its heavy burden to show otherwise. *See* Opp'n; *Hamilton Materials*, 494 F.3d at 1206.

Airgas argues, "[e]ven assuming … Plaintiff could establish severe or pervasive conduct … he fails to plead even a single fact to support the legal conclusion that the alleged conduct was because of his protected status." Opp'n at 10 (emphasis removed). Further, Airgas claims Plaintiff's allegations of racism are "objectively frivolous" because the other supervisors who worked alongside Plaintiff "were the same race as Plaintiff." *Id.* at 1 (emphasis removed).

Plaintiff, however, alleges that, "[o]ut of the three other supervisors who worked [at the plant], Plaintiff had the darkest skin," Compl. ¶ 28, and that the

8

Supervisor Defendants "subjected him to a hostile work environment based on his race," Mot. at 2. Airgas does not offer any authority establishing racism only exists among individuals of different races. Plaintiff's allegations, therefore, sufficiently establish it is at least *possible* that the Supervising Defendants' purportedly harassing conduct was directed at Plaintiff because of his race.

Accordingly, Airgas has failed to establish that the Supervisor Defendants are sham defendants.

## **CONCLUSION**

For the foregoing reasons, the court GRANTS the Motion and ORDERS as follows:

1. The action is REMANDED to the Los Angeles County Superior Court, Case No. 23STCV14835;
2. All deadlines and dates are VACATED;
3. The Order to Show Cause Why the Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction (Dkt. 19) is DISCHARGED; and
4. Plaintiff's motion for leave to file a first amended complaint (Dkt. 11) is DENIED as moot.

IT IS SO ORDERED.

Dated: August 26, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge